IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Fred Walters, on behalf of himself and all others similarly situated, )<br>)<br>) Plaintiff, )<br>)<br>vs. )<br>)<br>Maytag Corporation, )<br>)<br>Defendant. )<br>) | Civil Action No. 3:07-CV-03669-JFA<br><br>**ORDER ON MOTION<br>TO DISMISS** |

This matter comes before the court on the motion to dismiss the class action complaint of defendant Maytag Corporation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 11, 2007, plaintiff Fred Walters filed a complaint on behalf of himself and all others similarly situated alleging that defendant breached express and implied warranties by offering to sell and selling defective washing machines, one of which was purchased by plaintiff. In the motion to dismiss, defendant requests that plaintiff's complaint be dismissed for failure to plead injury in fact to support the breach of express and implied warranty claims. The issues have been fully briefed, and the court heard oral argument from the parties on April 25, 2008. For the reasons expressed herein, the court grants defendant's motion to dismiss and dismisses the claims contained in plaintiff's complaint.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2007, plaintiff filed a national class action complaint alleging breach of express and implied warranties in the sale of certain frontload washing

machines manufactured by defendant during model years 2005 and 2006. In the complaint, plaintiff alleges that in 2006 he purchased a frontload washing machine manufactured by defendant from a retailer located in Columbia, South Carolina. Sometime after purchasing the washer and having it installed in his home, plaintiff received a notice from defendant that the washer was dangerous and defective and that use of the washer should immediately be discontinued until the defected could be corrected. The notice specifically stated that an internal water leak within the washing machine could cause a short circuit and subsequent fire hazard. Plaintiff later received a circuit breaker issued by defendant and intended to lessen the possibility of fire if the internal defect manifested itself.

On February 5, 2008, defendant filed the current motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). In the motion, defendant argues that plaintiff has not alleged an injury in fact to support the breach of express and implied warranty claims contained in the complaint because plaintiff does not allege that the alleged defect, the internal water leak, has actually occurred in his washing machine or that the washing machine has actually malfunctioned in any way. Defendant argues that plaintiff's disagreement with a precautionary recall remedy issued by defendant is insufficient as a matter of law to support a claim for breach of express or implied warranty.

In response, plaintiff argues that the complaint alleges that the circuit breaker issued by defendant does not adequately repair the dangerously defective washing

machine, but rather is designed only to lessen the possibility of damage if the defect in the washing machine manifests itself. Plaintiff argues that even if the circuit breaker properly prevents the possibility of fire if the internal water leak manifests itself, the defect could nevertheless occur and the washing machine would be inoperable once the water leakage occurred. Plaintiff argues that although the internal water leak has not actually occurred in his washing machine, he has suffered injury in fact to support his warranty claims because defendant admitted the defective condition of the washing machine in the safety recall notice and failed to remedy the defect by issuing the circuit breaker. Plaintiff further argues that he suffered injury in fact for the loss of use of the machine between the time that the notice was issued and the time that the breaker was received and installed on his washing machine.[1]

II.    DISCUSSION AND ANALYSIS

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the facts alleged in the complaint and view the allegations in the light most favorable to the plaintiff. *See Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*,

---

[1] The complaint does not indicate the amount of time that passed between plaintiff's receipt of the safety recall notice and receipt of the circuit breaker issued by defendant.

3

213 F.3d 175, 180 (4th Cir. 2000). In conducting this review, the court is not required to accept the legal conclusions drawn from those facts or accept as true any unwarranted inferences, unreasonable conclusions, or argument. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citing *Eastern Shore Mkts.*, 213 F.3d at 180).

Rule 8 of the Federal Rules of Civil Procedure merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, for a complaint to defeat a Rule 12(b)(6) motion, allegations of "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim...is and the grounds upon which it rests.' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)) (internal quotations omitted). The court may, however, dismiss the complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, the court must dismiss a complaint that fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano*, 521 F.3d at 302 (quoting *Bell Atl.*, 127 S. Ct. at 1974) (emphasis added)).

To establish a claim for breach of express or implied warranty under South Carolina law, a plaintiff must allege (1) the existence of a warranty, (2) breach of the warranty, and (3) damages proximately caused by the breach. *See First State Sav. & Loan v. Phelps*, 385 S.E.2d 821, 825 (S.C. 1989); *see also* S.C. Code Ann. §§ 36-2-313, 36-2-314. A breach of an express warranty occurs when warranted goods do not conform

to either a promise or affirmation of fact made by a seller or a description, sample, or model of the goods. *Herring v. Home Depot, Inc.*, 565 S.E.2d 773, 776 (S.C. Ct. App. 2002); *see also* S.C. Code Ann. § 36-2-313(1). The warranty of merchantability is implied in a contract for the sale of goods if the seller is a merchant with respect to goods of that kind, and the implied warranty of merchantability is breached if the goods were unmerchantable at the time of sale. *See Doty v. Parkway Homes Co.*, 368 S.E.2d 670, 671 (S.C. 1988).

For purposes of the implied warranty of merchantability, goods are merchantable if they are "fit for the ordinary purposes for which the goods are used." *Doty*, 368 S.E.2d at 671; *see also* S.C. Code Ann. § 36-2-314; *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 297 (4th Cir. 1989). Because washing machines are designed to wash clothes, the implied warranty of merchantability "is simply a guarantee that they will operate in a 'safe condition' and 'substantially free of defects.' " *Carlson*, 883 F.2d at 297 (discussing implied warranty of merchantability in automobile cases) (quoting *Overland Bond & Invest. Corp. v. Howard*, 292 N.E.2d 168, 172–73 (Ill. App. Ct. 1972)). Therefore, a complaint sufficiently alleges a claim for breach of the implied warranty of merchantability if it contains allegations that plaintiff's washing machine malfunctioned, the malfunction rendered the machine inoperable for a period of time, and thus the washing machine failed to effectively clean clothes. *See Munch v. Sears Roebuck & Co.*, Nos. 06-CV-7023 & 07-CV-412, 2007 WL 2461660 (N.D. Ill. Aug. 27, 2007).

Where, however, a product has served the traditionally recognized purpose for which the product is used, a plaintiff may not recover for the "diminished resale value" a properly functioning product allegedly suffers from the existence of other defective products in the market. *See Carlson*, 883 F.2d at 297–98 (noting that generally implied warranty of merchantability does not encompass consumer expectations that a product will hold its value). If a an allegedly defective product purchased by the plaintiff has performed satisfactorily, then the product is, in fact, merchantable, and there has been no breach of warranty. *Wilson v. Style Crest Prods.*, 627 S.E.2d 733, 735 (S.C. 2006) (holding that plaintiff must prove actual injury to person or property to bring warranty and fraudulent concealment claims).

In the complaint at issue, plaintiff does not allege facts showing that his washer has actually malfunctioned or that the alleged defect has otherwise manifested itself in his machine. Because plaintiff has failed to allege breach of an express warranty, particularly that an alleged defect actually manifested itself through an internal water leak in his washing machine, plaintiff has failed to allege an essential element for the breach of express warranty claim. Similarly, because plaintiff has failed to allege facts establishing that the washing machine is not fit for the for the ordinary purposes of washing clothes, he has failed to state a claim for breach of the implied warranty of merchantability. Therefore, the court finds that the legal sufficiency of plaintiff's complaint fails as a matter of law for failure to plead factual allegations of actual injury sufficient to support

the breach of warranty claims.[2] *See Wilson*, 627 S.E.2d at 735 (holding that plaintiff must prove actual injury to person or property to bring warranty and fraudulent concealment claims).

III.     CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to plead an injury in fact to support his claims for breach of express and implied warranty and, therefore, has failed to state a claim upon which relief may be granted. The court grants defendant's motion to dismiss, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 17, 2008                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

---

[2] Although plaintiff argues that his allegation of loss of use of the washing machine from the time between receipt of the safety recall notice and installation of the circuit breaker is sufficient to satisfy the requirement of actual injury, the court finds that plaintiff's complaint does not allege that defendant breached any express or implied warranties by selling a washing machine without the circuit breaker already installed. Plaintiff also does not allege that the washing machine is inoperable or malfunctions when the circuit breaker is attached. Regardless of whether loss of use would be a sufficient allegation of cognizable damages for a breach of warranty claim, the court finds that plaintiff has failed to allege facts establishing a breach of warranty necessary to recover damages proximately flowing from that breach.